| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **FOR THE DISTRICT OF NEW JERSEY** <br> **Caption in compliance with D.N.J. LBR 9004-1** <br><br> **FREEDMAN LAW, LLC** <br> Terri Jane Freedman, Esq. <br> 11 Carteret Road <br> Livingston, New Jersey 07039 <br> Telephone: (973) 985-9408 <br> E-mail: tjfreedman@freedmanlawllc.com <br><br> *Attorneys for Nancy Isaacson, Chapter 7 Trustee* | |
| In re: <br><br> AKESIS, LLC, <br><br>                Debtor. | Case No.: 15-22985 (JKS) <br><br> Chapter 7 |
| NANCY ISAACSON, Chapter 7 Trustee, <br><br>                Plaintiff, <br><br> v. <br><br> CLINICAL TRIALS NETWORK, INC., <br><br>                Defendant. | Adv. Proc. No. _____ |

**COMPLAINT TO AVOID AND RECOVER PRE-PETITION
TRANSFERS AND FOR OTHER RELATED RELIEF**

Chapter 7 Trustee Nancy Isaacson (the "Trustee"), by way of complaint against Clinical Trials Network, Inc. (the "Defendant"), by and through special counsel Freedman Law, LLC, hereby seeks to (i) avoid transfers by Akesis, LLC (the "Debtor") to the Defendant as preferential pursuant to 11 U.S.C. § 547; (ii) recover the value of the avoided transfers pursuant to 11 U.S.C. § 550; (iii) obtain a Bankruptcy Court Order determining that any claims the Defendant may hold against the bankruptcy estate are waived, discharged and barred pursuant to

11 U.S.C. § 502; and (iv) recover attorneys' fees and costs of suit pursuant to Fed. R. Bankr. P. 7008(b).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding in accordance with 28 U.S.C. §§ 157 and 1334(b). Venue is properly laid in this district pursuant to 28 U.S.C. § 1409(a).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F) and (O). The applicable statutory basis for the claims asserted herein includes, but is not limited to, 11 U.S.C. §§ 547, 550 and 502.

## GENERAL ALLEGATIONS AND BACKGROUND

3. On July 10, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7, Title 11, of the United States Bankruptcy Code (the "Bankruptcy Code").

4. On July 13, 2015, the United States Trustee's Office for the District of New Jersey duly appointed the Plaintiff as the Chapter 7 Trustee.

5. The Debtor paid the Defendant not less than $20,421.00 (the "Transfers") within ninety (90) days of the Petition Date.

6. The Trustee is seeking the return of all payments that cleared within ninety (90) days of the Petition Date.

7. The Transfers were made as set forth on **Exhibit A** attached hereto.

8. The Trustee reserves the right to amend the Complaint if additional transfers are discovered.

## **COUNT I (11 U.S.C. § 547(b))**

9. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

10. The Transfers were to or for the benefit of the Defendant.

11. The Transfers were for or on account of an antecedent debt owed by the Debtor to the Defendant before such transfers were made.

12. The Debtor was insolvent at the time the Transfers were made to the Defendant.

13. The Transfers were made within ninety (90) days of the Petition Date and all Transfers cleared within ninety (90) days of the Petition Date.

14. The Transfers enabled the Defendant to obtain more than it would receive from the Debtor's estate if the case was a case under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and the Defendant received payment of its debt in accordance with the Bankruptcy Code.

15. Pursuant to Bankruptcy Code §§ 547 and 550, the Trustee may avoid and recover the Transfers.

WHEREFORE, the Trustee demands judgment in her favor and against the Defendant, as follows:

(a) avoiding the Transfers;

(b) for damages in an amount equal to the value of the Transfers, together with interest and costs of suit;

(c) ordering the Defendant to turn over to the Trustee within ten (10) days of judgment an amount equal to the value of the Transfers; and

(d) granting such other relief that this Court deems just and equitable.

3

## COUNT II (11 U.S.C. § 550)

16. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

17. The Transfers were payments by the Debtor to the Defendant for services rendered and/or goods delivered pre-petition.

18. Upon information and belief, the Defendant was the initial transferee of the Transfers, the entity for whose benefit the Transfers were made, and/or the beneficial transferee thereof.

19. Pursuant to Bankruptcy Code § 550, the Trustee is entitled to recover the Transfers, together with pre and post-judgment interest thereon at the maximum legal rate from the date that the Transfers were made to Defendant.

WHEREFORE, the Trustee demands judgment in her favor and against Defendant, as follows:

(a) avoiding the Transfers;

(b) for damages in an amount equal to the value of the Transfers, together with interest and costs of suit;

(c) ordering the Defendant to turn over to the Trustee within ten (10) days of judgment an amount equal to the value of the Transfers; and

d) granting such other relief that this Court deems just and equitable.

## COUNT III (11 U.S.C. §502(d))

20. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

21. The Trustee demanded repayment of the Transfers prior to the filing of the within Complaint.

22. The Defendant has failed and refused to turn over to the Trustee the value of the Transfers or to otherwise repay the Transfers.

23. The Transfers are recoverable as a preference.

24. Pursuant to Bankruptcy Code § 502(d), the Trustee is entitled to an order waiving, discharging and barring any claims that the Defendant may hold against the within estate.

WHEREFORE, the Trustee demands judgment in her favor and against the Defendant, as follows:

(a) for an Order waiving, discharging and barring any claims which the Defendant may hold against the Debtor's estate; and

(b) granting such other relief that this Court deems just and equitable.

## COUNT IV (Fed. R. Bankr. P. 7008(b))

25. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

26. The Trustee incurred significant legal expenses in order to pursue the within claims against the Defendant.

27. The Trustee is entitled to reasonable attorneys' fees pursuant to Federal Rule of Bankruptcy Procedure 7008(b).

WHEREFORE, the Trustee demands judgment in her favor and against the Defendant, as follows:

(a) for an Order compelling Defendant to pay the Trustee's reasonable attorneys' fees pursuant to Federal Rule of Bankruptcy Procedure 7008(b); and

(b) granting such other relief that this Court deems just and equitable.

Dated: September 27, 2016

**FREEDMAN LAW, LLC**

By: */s/ Terri Jane Freedman*
Terri Jane Freedman, Esq.
11 Carteret Road
Livingston, New Jersey 07039
Telephone: (973) 985-9408
E-mail: tjfreedman@freedmanlawllc.com

*Attorneys for Nancy Isaacson, Chapter 7 Trustee*

# EXHIBIT A

## SCHEDULE OF PAYMENTS MADE DURING PREFERENCE PERIOD

| CHECK NO. | CHECK DATE | CLEAR DATE | AMOUNT |
|---|---|---|---|
| 10851 | 04/15/15 | 04/24/15 | 17,604.00 |
| 10948 | 05/29/15 | 06/26/15 | 2,817.00 |
| | | **TOTAL:** | **$20,421.00** |